IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHIOMA STACY EZE, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-12-00382 |
| THE COLLEGE NETWORK, INC., *et al.* | * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM ORDER

Plaintiff Chioma Stacy Eze ("Plaintiff" or "Eze") originally brought this action against Defendants The College Network, Inc. and Indiana State University in the Circuit Court for Baltimore County. Both Defendants removed this action to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 on February 8, 2012. The Complaint for compensatory and punitive damages alleges wrongful taking/conversion (Count I), breach of contract (Count II), breach of the covenant of good faith and fair dealing in contract (Count III), negligent misrepresentation (Count IV) and Intentional Misrepresentation (Count V). Specifically, Plaintiff alleges that she entered into a purchase agreement with Defendant The College Network, Inc. for online nursing classes under the mistaken understanding that she would receive a Bachelor of Science in Nursing degree from Defendant Indiana State University. Pursuant to Local Rule 105.6 (D. Md. 2011), on July 3, 2012 this Court held a Motions Hearing concerning Defendant The College Network, Inc.'s Motion to Dismiss and to Compel Arbitration (ECF No. 7) and Defendant Indiana State University's Motion to

Dismiss for Failure to State a Claim (ECF No. 8).  For the reasons stated on the record and supplemented by this Memorandum Order, those motions were GRANTED.

The College Network, Inc. is an organization that sells educational preparation programs, Comprehensive Learning Modules ("CLMs"), to customers looking to pass equivalency exams for college course credit.  The College Network, Inc. partners with a number of academic institutions, including Indiana State University, which accept passing scores on these exams as college credit contingent on a student's admission to the academic institution in question.

First, with respect to Defendant The College Network, Inc.'s motion, the Court determined that the arbitration clause in the purchase agreement was valid and applicable.  Particularly, the parties were found to have agreed that disputes as to the scope of the agreement, its interpretation and enforcement would be submitted to arbitration.  The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1, *et seq.* requires that "an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  *Id.* at § 2.  The Supreme Court has recently noted that arbitration agreements "may be invalidated by generally applicable contract defenses, such as fraud, duress, or unconscionability, but not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." *AT&T Mobility LLC v. Concepcion*, 563 U.S. __, 131 S. Ct. 1740 (2011) (citing *Doctor's Associates, Inc. v. Casarotto,* 517 U.S. 681, 687 (1996)) (internal quotations omitted).  Moreover, the FAA "establishes that, as a matter of federal law, any doubts concerning the scope of

arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24-25 (1983).

According to the United States Court of Appeals for the Fourth Circuit, a litigant can compel arbitration under the FAA if he can demonstrate "(1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of the defendant to arbitrate the dispute." *Whiteside v. Teltech Corp.*, 940 F.2d 99, 102 (4th Cir. 1991). "Agreements to arbitrate are construed according to ordinary rules of contract interpretation, as augmented by a federal policy requiring that all ambiguities be resolved in favor of arbitration." *Gadson v. SuperShuttle Int'l*, AW-10-01057, 2011 WL 1231311, at *3 (D. Md. Mar. 30, 2011) (citing *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.,* 252 F.3d 707, 710 (4th Cir.2001).  Indeed, the Supreme Court has directed that questions relating to the "validity, enforceability, or revocability" of an arbitration agreement should be resolved according to state law, *Perry v. Thomas,* 482 U.S. 483, 493 n. 9 (1987), while the FAA establishes the "federal substantive law of arbitrability." *Moses H. Cone Mem'l Hosp.,* 460 U.S. at 24; *see also Hill v. Peoplesoft USA, Inc.*, 412 F.3d 540 (4th Cir. 2005).

The Court also determined that the purchase agreement between the parties was not a contract of adhesion and that the contention that one does not understand the clearly written provisions of a contract does not vitiate the agreement.  There is "a liberal policy

favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary." *AT&T Mobility, LLC v. Concepcion*, 563 U.S. \_\_, 131 S. Ct. 1740, 1745 (2011). The clear terms of this contract established that any disputes between the Plaintiff and The College Network, Inc. are to be resolved in arbitration. Accordingly, this Court GRANTED Defendant The College Network, Inc.'s Motion to Dismiss or to Compel Arbitration (ECF No. 7).

As to Defendant Indiana State University's Motion to Dismiss, the Court determined that on the basis of the particular programs offered by The College Network, Inc., namely educational preparation programs for customers looking to pass equivalency exams to receive college credit, the term "partner" in The College Network's commercial materials did not create an agency relationship between The College Network, Inc. and Indiana State University. Moreover, the record clearly indicates and counsel agreed at the hearing that there was no contract or agreement between the Plaintiff and Indiana State University. Plaintiff only offers a general allegation of the existence of a partnership between Indiana State University and The College Network, Inc. in support of her claims against Defendant Indiana State University. However, a complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard requires that the pleader show more than a sheer possibility of success, although it does not impose a "probability requirement." *Twombly*, 550 U.S. at 556. As Plaintiff only made a general allegation based on the term

"partner" in marketing materials and as the relationship between both Defendants was clearly characterized in both the purchasing agreement and other advertising materials, this Court GRANTED Defendant Indiana State University's Motion to Dismiss (ECF No. 8). As a result, Plaintiff's claims against both Defendants were DISMISSED WITH PREJUDICE.

For the reasons stated on the record during the July 3, 2012 Motions Hearing and supplemented by this Memorandum Order, it was on the 3rd day of July 2012, ORDERED that:

1. Defendant The College Network, Inc.'s Motion to Dismiss and to Compel Arbitration (ECF No. 7) is GRANTED;

2. Defendant Indiana State University's Motion to Dismiss (ECF No. 8) is GRANTED;

3. Plaintiff's claims against The College Network, Inc. and Indiana State University are DISMISSED WITH PREJUDICE;

4. The Clerk of the Court transmit copies of this Order and accompanying Memorandum Opinion to Counsel;

5. The Clerk of the Court CLOSE THIS CASE.


Dated:     July 6, 2012                /s/_____
                                       Richard D. Bennett
                                       United States District Judge